**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:05-cr-023 |
| | ) | |
| v. | ) | |
| | ) | **ORDER DENYING MOTION** |
| Charles Kenneth Brady, | ) | |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is Brady's pro se motion pursuant to 28 U.S.C. § 2255. He alleges ineffective assistance of counsel. The United States resists the motion.

**I.    BACKGROUND**

Charles Kenneth Brady was indicted on March 22, 2005, on one count (Count One) of receipt of material involving the sexual exploitation of minors in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) and one count (Count Two) of possession of material involving the sexual exploitation of minors in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). Brady pled guilty, pursuant to a written plea agreement, to Count Two on June 1, 2005. Pursuant to the plea agreement, Count One was dismissed. Brady was sentenced to 78 months imprisonment on August 9, 2005. He is currently serving his sentence at the Federal Correctional Institute in Fort Worth, Texas. No direct appeal was taken. The current § 2255 motion was filed on July 27, 2006.

**II.   DISCUSSION**

A motion made pursuant to 28 U.S.C. § 2255 requires a showing of either constitutional or jurisdictional error, or a "fundamental defect" resulting in a "complete miscarriage of justice."

Davis v. United States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428 (1962).  A Section 2255 motion is not a substitute for a direct appeal, and a movant "must clear a significantly higher hurdle than would exist on direct appeal."  United States v. Frady, 456 U.S. 152, 166 (1982).

The government argues Brady's motion should be denied based upon a waiver of the right to file a motion pursuant to section 2255 contained in the plea agreement.  The plea agreement does contain such a waiver which reads as follows:[1]

> Defendant further waives all rights to contest defendant's conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255.  Defendant specifically acknowledges that the Eighth Circuit Court of Appeals has upheld the enforceability of a provision of this type in United States v. His Law, 85 F.3d 379 (8th Cir. 1996).  Therefore, defendant understands that any appeal or post-conviction relief that defendant might seek should be summarily dismissed by the Court in which it is filed.

A waiver of collateral attack rights in a plea agreement is enforceable. DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000).  However, such waivers are not absolute as defendants cannot waive the right to challenge illegal sentences or a sentence imposed in violation of the terms of the plea agreement. Id.  Also, defendants retain the right to challenge whether the decision to enter into the plea agreement was knowing and voluntary. Id.  Therefore, a waiver is not effective if a defendant alleges in his section 2255 motion that the plea was not knowing and voluntary due to the ineffective assistance of counsel. Id. at 924.  This would include the negotiation of and entry into the plea agreement containing the waiver. Id.

Brady has stated four separate instances of ineffective assistance of counsel in his motion.  First, that his counsel was inexperienced and this was his first federal criminal case.  Second, that counsel failed to argue at sentencing that Brady, who is 6 feet tall and weighs 130

---

[1] The plea agreement also contained a waiver of the right to appeal.

pounds according to the Presentence Investigation Report, had been severely assaulted while in jail awaiting trial and was incapable of protecting himself in a prison situation.  Thirdly, that counsel failed to object when the Court cited "outside influences" as a reason for not granting a downward departure.  And lastly, that counsel failed to argue that Brady's prior misdemeanor shoplifting conviction should not have counted toward his criminal history calculation.

The last three of these claims clearly bear no relation to the decision to enter into the plea agreement and whether that decision was knowing and voluntary.  Rather, the last three claims all relate to the conduct of the sentencing hearing.  These claims are clearly barred by the waiver clause in the plea agreement.[2]

As for the first claim Brady does not explain how his counsel's lack of experience prejudiced him and there is no suggestion this inexperience related to the decision of whether or not to enter into the plea agreement.  The entire argument consists of two sentences totaling sixteen words.

To establish deficient performance, a defendant must show counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland v. Washington, 466 U.S. 668, 687  (1984).  In Strickland, the Supreme Court established a two-pronged test for analyzing ineffective assistance of counsel claims.  First, it must be shown that counsel's effectiveness fell below an objective standard of reasonable representation taking into consideration prevailing professional norms. Id. at 688.  Second, it must be demonstrated that counsel's performance prejudiced the defense.  In other words, under

---

[2]The merits are lacking with regard to these arguments as well.  Defense counsel raised the issue of Brady having been assaulted in jail and the Court noted this in choosing a sentence at the low end of the Guidelines range.  A review of the sentencing transcript found no reference to "outside influences" in the Court's refusal to grant a downward departure.  Brady was not assessed any criminal history points for his shoplifting conviction.  See Presentence Investigation Report at ¶ 36.

this second prong, it must be proven that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694.  Both prongs of the Strickland test must be satisfied to prove a conviction is unreliable as the result of a breakdown in the adversarial process.  Id.

There is a strong presumption that counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Strickland, 466 U.S. at 690; Vogt v. United States, 88 F.3d 587, 592 (8th Cir. 1996).  A court reviewing counsel's performance must make every effort to eliminate hindsight and second-guessing.  Strickland, 466 U.S. at 689; Schumacher v. Hopkins, 83 F.3d 1034, 1036-37 (8th Cir. 1996).  Under the Strickland standard, strategic decisions that are made after a thorough investigation of both the law and facts regarding plausible options are virtually unchallengeable.  Strickland, 466 U.S. at 690.

No attorney can gain experience without conducting his or her first case. See United States v. Cronic, 466 U.S. 648, 665 (1984).  Simply claiming counsel was inexperienced is insufficient to show ineffective assistance.  What must be shown is prejudice and Brady has made no attempt to do this.  The Court does not recollect any deficient performance by defense counsel in this case and a review of the transcript of the sentencing hearing does not reveal any.  By pleading guilty Brady had one the counts against him dismissed, received a three point reduction for acceptance of responsibility, and the prosecutor's recommendation of a sentence at the low end of the Guideline range.  This claim fails.

**III.    CONCLUSION**

Based upon the entire file and upon the foregoing discussion, it is **HEREBY ORDERED** that:

1. Charles Kenneth Brady's Section 2255 Motion is **DENIED**.

2. The court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such a appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917 (1962).

3. Upon the entire record before the court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Barefoot v. Estelle, 463 U.S. 880, 893 & n.4, 103 S.Ct. 3383 (1983). Therefore, a certificate of appealability will not be issued by this court.[3]

**IT IS SO ORDERED.**

Dated this 1st day of December, 2006.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court

---

[3] The Court of Appeals for the Eighth Circuit has opined that the district courts possess the authority to issue Certificates of Appealability under Section 2253(c). Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).